**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

| | |
|---|---|
| **TERESA G. HAGGIE, ET AL** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:04CV111-M-A** |
| **COLDWELL BANKER REAL ESTATE CORP., ET AL** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **EARVY AND LOUISE PILCHER** | **PLAINTIFFS** |
| **vs** | **CIVIL ACTION NO. 4:04CV128-P-A** |
| **COLDWELL BANKER REAL ESTATE CORP., ET AL** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **CLEMMIE CLEVELAND, ET AL** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05CV10-M-D** |
| **COLDWELL BANKER REAL ESTATE CORP., ET AL** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **BARBARA JEAN SMITH, et al.** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv166-M-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

| | |
|---|---|
| **JAMES AND PATRICIA SHELLY** | **PLAINTIFFS** |
| **vs.** | **CIVIL ACTION NO. 4:05cv167-M-A** |
| **COLDWELL BANKER REAL ESTATE CORP., et al.** | **DEFENDANTS** |

**-and-**

ROZELL AND LINDA HODGES, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv168-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.                    DEFENDANTS

**-and-**

KITTY HEMPHILL, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv169-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.                    DEFENDANTS

**-and-**

JOHNNY AND MARY PRICE, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv170-D-A

COLDWELL BANKER REAL ESTATE CORP., et al.                    DEFENDANTS

**-and-**

DIANE JOHNSON, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv172-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.                    DEFENDANTS

**-and-**

WILLIE SANDIFER, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv173-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.                    DEFENDANTS

**-and-**

MELVIN JEROME MURRY, et al.                                      PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv174-M-A

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**JOHN L. HARVEY, JR., et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv175-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**JEROME C. HARRIS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv176-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**ANTHONY EDWARDS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv177-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**ROSA BARBOSA, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv178-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**TAMARA ANDERSON, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv179-D-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                    **DEFENDANTS**

                                        -and-

**IVORY HARRIS, et al.**                                    **PLAINTIFFS**

vs.                                    CIVIL ACTION NO. 4:05cv180-M-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

BROOK SIVLEY                                    PLAINTIFF

vs.                                    CIVIL ACTION NO. 4:05cv191-M-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

ANTHONY WILLIAMS, et al.                            PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv192-D-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

ERNESTEANE AND ELEX POLK                            PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv193-D-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

JOHN AND KAIFER HOLSTON, et al.                        PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv194-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

CATASHA AND CHARLES BROWN, et al.                    PLAINTIFFS

vs.                                    CIVIL ACTION NO. 4:05cv195-P-A

COLDWELL BANKER REAL ESTATE CORP., et al.            DEFENDANTS

-and-

**DOROTHY HARRIS, et al.**                                    **PLAINTIFFS**

**vs.**                                    **CIVIL ACTION NO. 4:05cv196-P-A**

**COLDWELL BANKER REAL ESTATE CORP., et al.**                **DEFENDANTS**


### ORDER

These cases are before the court on the following motions:

1.      Plaintiffs' motions to determine the sufficiency of Coldwell Banker's

        objections/refusal to admit or deny plaintiff's requests for admissions[1];

2.       Plaintiffs' motions to determine the sufficiency of Bank of Commerce and Terry

        Green's objections/refusal to admit or deny plaintiff's requests for admissions[2];

3.      Plaintiffs' motion seeking permission to propound interrogatories to all

        defendants in all "Coldwell Banker" cases; and

4.      Plaintiffs' motion seeking permission to propound interrogatories to all mortgage

        lenders in all "Coldwell Banker" cases.

The court has carefully considered these motions in their entirety, the responses, supporting

memoranda and exhibits and the collective record in these many cases and holds that each of the

---

[1]Plaintiffs have filed one of these motions, virtually verbatim except for the individual plaintiff or plaintiffs' name, for each and every individual plaintiff in each of the above referenced cases.  In some cases one motion was filed for two or three plaintiffs.  In all, there are 93 of these motions pending for over 150 individually named plaintiffs.

[2]Plaintiffs have filed 20 of these motions; one in each case except *Hemphill, et al v. Coldwell Banker*, *et al.*, Civil Action No. 4:05cv169-P-A and *Williams, et al v. Coldwell Banker*, *et al.*, Civil Action No. 4:05cv192-P-A.  Nevertheless, the motions refer to the responses to requests for admissions as propounded to defendants Bank of Commerce and Terry Green by all plaintiffs in all cases.

above motions should be denied.[3]

## STANDARD FOR REVIEW

Rule 36 of the Federal Rules of Civil Procedure requires that a party upon whom requests for admission have been served either admit the matter as requested or object to or deny the request. If a party serves an objection or denial, it must fairly explain each such objection or denial:

> . . . If objection is made, the reasons therefor shall be stated. The answer shall specifically deny the matter or set forth in detail the reasons why the answering party cannot truthfully admit or deny the matter. A denial shall fairly meet the substance of the requested admission, and when good faith requires that a party qualify an answer or deny only a part of the matter of which an admission is requested, the party shall specify so much of it as is true and qualify or deny the remainder. An answering party may not give lack of information or knowledge as a reason for failure to admit or deny unless the party states that the party has made reasonable inquiry and that the information known or readily obtainable by the party is insufficient to enable the party to admit or deny. A party who considers that a matter of which an admission has been requested presents a genuine issue for trial may not, on that ground alone, object to the request; the party may, subject to the provisions of Rule 37(c), deny the matter or set forth reasons why the party cannot admit or deny it. . . .

Fed. R. Civ. P. 36(a). "In many instances a party simply will not know whether the matter it is asked to admit is true. In that instance it may reply that it cannot truthfully admit or deny the

---

[3]Rule 37.1 of the Uniform Local Rules requires the filing of a Good Faith Certificate with every motion regarding discovery violations. Further, the rule requires that the motion be in a specific form that includes quoting the disputed language and stating the specific objections, grounds for the objection and the reasons for the motion. The court acknowledges that these motions were filed without the required certificate and not in the proper form. However, the motions regarding defendant Coldwell Banker were filed before the court warned the parties that any motions filed without the required certificate would be denied on that technicality alone. While the motions regarding Defendants Bank of Commerce and Terry Green were filed on or after that time, they are virtually identical to the motions regarding Coldwell Banker and may be denied both for the technical errors as well as on the merits. From the date of this Order forward, any motion regarding discovery violations that is not in the proper form and with the required Good Faith Certificate will be denied by order stating "DENIED. Motion does not comply with the Local Rules." Additionally, counsel will be sanctioned for filing such a motion as it expends court time to docket the orders in each of these many cases.

matter, but if it makes this response it is required to set forth in detail the reasons why this is so. A general statement that it can neither admit nor deny, unaccompanied by reasons, will be held an insufficient response." Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, 8A Federal Practice & Procedure § 2261, at 556-57 (2d ed.1994). Plaintiffs cite *Herrera v. Scully*, 143 F.R.D 545, 548 (S.D.N.Y. 1992) in support of their contention that none of the defendants conducted a reasonable inquiry into matters as to which they may not have had personal knowledge and therefore none should be allowed to stand behind a blanket denial. *Herrera* held:

> In the context of requests for admissions, "reasonable inquiry" includes investigation and inquiry of any of defendant's officers, administrators, agents, employees, servants, enlisted or other personnel, who conceivably, but in realistic terms, may have information which may lead to or furnish the necessary and appropriate response. In this connection, relevant documents and regulations must be reviewed as well.

*Herrera v. Scully*, 143 F.R.D 545, 548 (S.D.N.Y. 1992), *citing Diederich v. Department of Army,* 132 F.R.D. 614, 619 (S.D.N.Y.1990). A subsequent case in the same district held that it was outside the scope of the "reasonable inquiry" provision of Rule 36 to require the defendant, Oppenheimer, to subpoena documents, review those documents, and incur the expenses involved in requiring the time, effort and expense of investigating the information sought by the requests for admissions, even if the information was possibly available from outside sources. *T. Rowe Price v. Oppenheimer & Co., Inc.,* 174 F.R.D. 38, 42-43 (S.D.N.Y. 1997). Finally, relying on the decision in *T. Rowe Price*, the court in *United States v. Los Angeles County*, 235 F.R.D. 675 (E.D. Cal. 2006) held that the duty of a responding party to make a "reasonable inquiry"

> is limited to persons and documents within the responding party's control (*e.g.,* its employees, partners, corporate affiliates, etc.). It does not require the responding party to interview or subpoena records from independent third parties in order to admit or deny a Request for Admission. Likewise, a party cannot be forced to admit or deny facts testified to by a third party as to which the responding party has no personal knowledge. Because requests for admissions can have dire consequences, the responding party's duty to obtain information is no broader

> than that owned in responding to interrogatories; *i.e.*, generally limited to
> obtaining information from person and entities of which it has actual control.

235 F.R.D. 675, 685 (E.D. Cal. 2006). Review of the cases cited by the parties as well as other relevant case law makes clear that there is no bright line rule defining the limits of a "reasonable inquiry." *See Dubin v. E.F. Hutton Group Inc.,* 125 F.R.D. 372, 374 (S.D.N.Y.1989); *Al-Jundi v. Rockefeller,* 91 F.R.D. 590, 593-94 (W.D.N.Y.1981); *Kendrick v. Sullivan,* No. Civ. A. 83-3175, 1992 WL 119125, at *3 (D.D.C. May 15, 1992); *but see Morreale v. Willcox & Gobbs DN, Inc.,* 1991 WL 107441, at *1 (S.D.N.Y.1991). Instead, a court must examine each case in light of its specific facts and circumstances to determine whether a responding party made a reasonable inquiry to determine whether the request should be admitted or denied or if there is insufficient information to permit a definitive response.

### PLAINTIFFS' MOTIONS TO DETERMINE THE SUFFICIENCY OF COLDWELL BANKER'S OBJECTIONS/REFUSAL TO ADMIT OR DENY REQUESTS FOR ADMISSIONS

The key problem in each of the plaintiff's motions is the fact that the plaintiffs have failed to tailor their discovery requests to the individual plaintiff and his or her specific circumstances as related to each defendant. Instead, every plaintiff's requests for admissions propounded to each "Defendant" – Coldwell Banker, Bank of Commerce, or any other defendant – consist of twenty-six questions, many with numerous subparts, that refer in large part to the plaintiffs' responses to interrogatories propounded by Coldwell Banker to plaintiffs. For example, Request for Admission No. 6 states:

> Please admit that the market value as stated in the appraisal that was submitted to
> the mortgage lender:
>> (a)    Is accurately stated in plaintiffs' interrogatory answers;
>> (b)    Is not the true fair market value of the property that plaintiffs purchased at
>> the time that plaintiffs purchased said property;
>> (c)    Is in an amount that exceeds the true fair market value of the property that
>> plaintiffs purchased at the time of plaintiffs' purchase;

(d)     Was misrepresented by the appraiser who prepared the appraisal;

(e)     Was misrepresented by the appraiser who prepared this appraisal for the purpose of qualifying the borrower for a loan he or she would not otherwise be qualified for.

Each plaintiff sent this request, and 25 others, to the "defendants" in these cases without regard to whether the specific defendant – Coldwell Banker, Bank of Commerce, Terry Green, or any other – was the mortgage lender, the appraiser, or any other individual that might have knowledge to admit or deny the above stated request. There are no Bates numbers or other identifying information to identify the specific documents to which the request refers, and there is no definition of terms such as "fair market value" or what sort of loan the plaintiff "would not otherwise qualify for." Coldwell Banker responded to the plaintiff's requests for admission and raised the following "General Objection:"

> Coldwell Banker objects to the Request for Admissions on the ground that they are vague and indefinite in failing to identify specific documents to which the requests refer; specific facts, the truth or falsely [sic] of which the requests seek to determine; or the identity by name of the persons or entities to which the Requests refer. Coldwell Banker respectfully submits that it should not be required to guess at its peril the documents, facts, and entities to which Plaintiff intended to refer. . . .

Subject to this general objection, Coldwell Banker then submitted the following response to each of the plaintiff's requests:

> Coldwell Banker after reasonable inquiry cannot admit or deny Request Numbers 1-26 inclusive. The Requests seek information about a real estate transaction that did not involve Coldwell Banker as a participant and was negotiated and consummated without the presence of officers or employees from Coldwell Banker. Further, Coldwell Banker may not have had notice of the subject transaction until this lawsuit was filed. In any event, Coldwell Banker submits that its only knowledge of the transaction at issue in this case is secondhand, from pleadings, depositions, and documents which Coldwell Banker is not in a position to independently verify. . . .

As seen in Plaintiff's Request for Admission No. 6 above, the requests, without regard to the specific individual defendant to whom the requests were submitted, ask for information which

the real estate agent, appraiser, mortgage lender, banker or other individual might have specific information, but none of the named defendants could have knowledge of all aspects of each individual real estate transaction in issue in each of these numerous cases. In sum, there is no doubt that the defendants' objections that the requests are vague, improper and/or seek information about which that defendant is without knowledge to admit or deny are, at least in part, valid.

In this Circuit, there is very little case law regarding the scope and definition of the term "reasonable inquiry." Nevertheless, Rule 36 is clear in its requirements that: (1) the matters on which an admission is requested are to be set forth separately, (2) the documents about which the requests are made should be furnished with the requests unless they have been made otherwise available, and (3) the party called upon to admit or deny the request may not respond that it is without sufficient information to admit or deny unless and until it has made a "reasonable inquiry"and has found that "the information *known or readily obtainable*" is insufficient to allow the party to admit or deny the request. Fed. R. Civ. P. 36. In this case, the requests for admission consist of 26 numbered requests with a total of 56 subparts. They refer to numerous documents, statements and disclosures which were not attached to the requests, and while they may have been available, are not clearly identified by any numbers, dates, etc. Finally, some of the requests refer to unidentified individuals and actions that they may or may not have taken.

In sum, the court finds that the requests, as a whole, do not conform to Rule 36. The responses of the defendants to these requests – specifically that the defendant is without sufficient knowledge to admit or deny the requests, is sufficient. Under Rule 36, a defendant's duty to make a "reasonable inquiry" should not require the defendant to make judgments or put itself in the shoes of another unrelated defendant. In other words, a real estate company is not

required to expend time, energy, and money to inquire as to the veracity of a request for admission regarding information that the bank, its employees, a mortgage lender, its employees, or an appraiser may have had or what those individuals may have thought or done in the course of closing a loan for the sale of a specific property.  Instead, the court concludes that the defendant, Coldwell Banker, is responsible for responding only to requests for admission that relate directly to its corporate entity, its agents or employees and their acts, omissions, or impressions and not those of third parties or individuals or information outside its control.  This does not mean that the defendant should not make every effort to respond to requests for admission completely and truthfully, but simply that the defendant is not under a duty to conclusively establish facts that it or its agents, partners, employees, corporate affiliates, etc., are without knowledge or evidence to determine.

The plaintiffs' argue that relevant documents referred to in the requests for admission have been "otherwise furnished or made available" under Rule 36 and that the defendants therefore should have all necessary information in order to admit or deny the request.  However, given the dire consequences that requests for admissions may bring, the manner in which the specific documents were specifically referenced, for example – "documents in plaintiff's Interrogatory responses" (Request for admission No. 1), "the loan application, as identified in plaintiff's answers to Coldwell Banker's Interrogatories" (Requests for admissions Nos. 11 & 12), "Loan support documents (i.e. wage, deposit, rent payment verification data), identified in plaintiff's answers to Coldwell Banker's Interrogatories as being transmitted to the mortgage lender" (Request for admission No. 18) – was not sufficient to specifically identify the document(s) about which the request is made.  Such vague descriptions, without attaching documents, are not sufficient under the terms of Rule 36.

<u>PLAINTIFFS' MOTIONS TO DETERMINE THE SUFFICIENCY OF BANK OF COMMERCE AND TERRY GREEN'S OBJECTIONS/REFUSAL TO ADMIT OR DENY REQUESTS FOR ADMISSIONS</u>

The requests for admissions propounded to defendants Bank of Commerce and Terry Green were identical to those propounded by plaintiffs to defendant Coldwell Banker. While the form of responses filed by Bank of Commerce and Terry Green were different from those responses filed by Coldwell Banker, the objections to the form and substance of the requests are substantially similar. Accordingly, for the reasons stated above, plaintiffs' motions to compel to determine the sufficiency of the objections of defendants Bank of Commerce and Terry Green to plaintiffs' requests for admissions are denied.

<u>PLAINTIFFS' MOTIONS SEEKING PERMISSION TO PROPOUND INTERROGATORIES TO ALL DEFENDANTS IN ALL COLDWELL BANKER CASES AND MOTIONS SEEKING PERMISSION TO PROPOUND INTERROGATORIES TO ALL MORTGAGE LENDERS IN ALL COLDWELL BANKER CASES</u>

The court has examined these motions and the responses thereto and concludes that because blanket, uniform discovery requests cause confusion and result in less than informative responses, this sort of discovery should be discouraged and will not be allowed. Accordingly, the plaintiffs' motions seeking permission to propound interrogatories to all defendants in all "Coldwell Banker" cases and motions seeking permission to propound interrogatories to all mortgage lenders in all "Coldwell Banker" cases shall be denied.

<u>CONCLUSION</u>

For the reasons stated above, the plaintiffs' motions to determine the sufficiency of defendants Coldwell Banker, Bank of Commerce and Terry Green's objections/refusal to admit or deny plaintiff's requests for admissions and plaintiffs' motions seeking permission to propound interrogatories to all defendants and to all mortgage lenders in all "Coldwell Banker"

cases are DENIED.

SO ORDERED.

THIS, the 14th day of May, 2007.


_/s/ _S. ALLAN ALEXANDER_____

S. ALLAN ALEXANDER

UNITED STATES MAGISTRATE JUDGE