**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

KITTY HEMPHILL, SHIRLEY MCGHEE,
DEBORAH SHAW, RICKEY MCCALL and
SANDRA RUSSELL, MINNIE and MARVIN
MILLER, and ALFREDA SMITH and
DESIREE WOODS,                                                                    PLAINTIFFS,

VS.                                                       CIVIL ACTION NO. 4:05CV169-P-D

COLDWELL BANKER REAL ESTATE
CORPORATION; COLDWELL BANKER
FIRST GREENWOOD-LEFLORE REALTY,
INC.; LEFLORE PROPERTIES, INC.;
JIM PRUETT; LINDA PRUETT; BANK OF
COMMERCE; STATE BANK & TRUST
COMPANY; TERRY GREEN; and FIRST
FIRST FRANKLIN FINANCIAL CORPORATION,                         DEFENDANTS.

**ORDER**

These matters come before the court upon Defendant Coldwell Banker Real Estate Corporation's motion to dismiss the original Complaint [6] and the Amended Complaint [112]; Defendant First Franklin Financial Corporation's motion to dismiss the original Complaint [17] and the Amended Complaint [115]; and Bank of Commerce's motion to dismiss the original Complaint [48] as well as Plaintiffs' motion to file an out-of-time response to First Franklin's motion to dismiss [160]. After due consideration of the motions and the response filed thereto, the court finds as follows, to-wit:

Since the court gave permission for the plaintiffs to file an Amended Complaint on May 25, 2006 and the plaintiffs in fact filed the Amended Complaint on May 31, 2006, Coldwell Banker, First Franklin, and Bank of Commerce's motions to dismiss the original Complaint should be denied as moot.

In their motion to dismiss the Amended Complaint filed pursuant to Fed. R. Civ. P. 12(b)(6), Coldwell Banker argues that the plaintiffs' RICO claims should be dismissed for failure to plead with particularity as required by Fed. R. Civ. P. 9(b). If the court grants the motion as to the RICO claims, Coldwell Banker moves to dismiss the remaining state law claims pursuant to 28 U.S.C. § 1367(c)(3).

Similarly, First Franklin's motion to dismiss the Amended Complaint argues that the plaintiff's RICO claims should be dismissed pursuant to Rules 12(b)(6) for failure to state valid RICO claims against First Franklin, and that the remaining state claims should be dismissed pursuant to § 1367(c)(3).

## A. Rule 12(b)(6) Standards

Pursuant to Fed. R. Civ. P. 12(b)(6) a defendant may file a motion to dismiss a plaintiff's claim or claims for failure to state a claim upon which relief can be granted. The traditional test for ruling upon a 12(b)(6), as announced in *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957), is "in appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." However, the U.S. Supreme Court in *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1968-69 (2007) recently "retired" that test. In this regard, the Court in *Twombly* wrote:

> *Conley*'s "no set of facts" language has been questioned, criticized, and explained away long enough. To be fair to the *Conley* Court, the passage should be understood in light of the opinion's preceding summary of the complaint's concrete allegations, which the Court quite reasonably understood as amply stating a claim for relief. But the passage so often quoted fails to mention this understanding on the part of the Court, and after puzzling the profession for 50 years, **this famous observation has earned its retirement**. The phrase is best forgotten as an incomplete, negative gloss on an accepted pleading standard: **once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the**

**complaint.** See *Sanjuan*, 40 F.3d, at 251 (once a claim for relief has been stated, a plaintiff "receives the benefit of imagination, so long as the hypotheses are consistent with the complaint")

127 S.Ct. at 1969. (emphasis added).

The Court in *Twombly* formulated the new standard in the following way:

While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief" requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do, see *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986) (on a motion to dismiss, courts "are not bound to accept as true a legal conclusion couched as a factual allegation"). Factual allegations must be enough to raise a right to relief above the speculative level, [and] "the pleading must contain something more ... than ... a statement of facts that merely creates a suspicion [of] a legally cognizable right of action", on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

127 S.Ct. 1964-65. (some citations omitted for clarity).

Thus, the court must determine whether the defendants have established that the plaintiffs' factual allegations in their Complaint, taken as true, are enough to raise a right to relief above the speculation level.

Motions to dismiss are viewed with disfavor and are rarely granted. *Shipp v. McMahon*, 199 F.3d 256, 260 (5th Cir.2000). In deciding a motion to dismiss under Rule 12(b)(6), the district court accepts as true those well-pleaded factual allegations in the complaint. *C.C. Port, Ltd. v. Davis-Penn Mortgage Co.*, 61 F.3d 288, 289 (5th Cir.1995). The complaint must be liberally construed, with all reasonable inferences drawn in the light most favorable to the plaintiff. *Sloan v. Sharp*, 157 F.3d 980, 982 (5th Cir.1998). "However, [the court] will not strain to find inferences favorable to the plaintiff[]." *Southland Securities Corp. v. INSpire Ins. Solutions, Inc.*, 365 F.3d 353, 361 (5th Cir.2004)

## B. Rule 9(b) Standards

Fed. R. Civ. P. 9(b) provides in pertinent part: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b) applies to RICO actions based on allegations of fraud. *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir. 1997). In *Hart v. Bayer Corp.*, 1999 F.3d 239 n. 6 (5th Cir. 2000), the Fifth Circuit Court of Appeals wrote with regard to Rule 9(b):

> Although the particularity demanded by Rule 9(b) differs with the facts of each case, *see Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992), a plaintiff pleading fraud must set forth "the who, what, when, and where ... before access to the discovery process is granted." *Williams v. WMX Technologies, Inc.*, 112 F.3d 175, 178 (5th Cir. 1997). Anything less fails to provide defendants with adequate notice of the nature and grounds of the claim. *See Tuchman*, 14 F.3d at 1067.
>
> But a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibly result in dismissal of the complaint with prejudice to refiling. *See Cates v. International Telephone and Telegraph Co.*, 756 F.2d 1161, 1180 (5th Cir. 1985) ("But such deficiencies do not normally justify dismissal of the suit on the merits and without leave to amend, at least not in the absence of special circumstances.") Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so. *See O'Brien v. Nat'l Property Analysts Partners*, 936 F.2d 674, 675-76 (2d Cir. 1991).

## C. RICO Standards

With regard to RICO, the Fifth Circuit has stated:

> Reduced to their simplest terms, [the RICO subsections] state that:(a) a person who has received income from a pattern of racketeering activity cannot invest that income in an enterprise; (b) a person cannot acquire or maintain an interest in an enterprise through a pattern of racketeering activity; (c) a person who is employed by or associated with an enterprise cannot conduct the affairs of the enterprise through a pattern of racketeering activity; and (d) a person cannot conspire to violate subsections (a), (b), or (c).

*Crowe v. Henry*, 43 F.3d 198, 204 (5th Cir. 1995).

Any RICO claim necessitates (1) a person who engages in (2) a pattern of racketeering activity, (3) connected to the acquisition, establishment, conduct, or control of an enterprise. *Id*.

The statute defines the RICO person as including "any individual or entity capable of holding a legal or beneficial interest in property." 18 U.S.C. § 1961(3).

"A pattern of racketeering activity requires two or more predicate acts and a demonstration that the racketeering predicates are related and amount to or pose a threat of continued criminal activity." *St. Paul Mercury Ins. Co. v. Williams*, 224 F.3d 425 (5th Cir. 2000). "'Racketeering activity' includes acts indictable under 18 U.S.C. § 1341(relating to mail fraud) and § 1343 (relating to wire fraud).18 U.S.C. § 1961(1)(B)." *Whelan v. Winchester Production Co.*, 319 F.3d 225, 229 n. 5 (5th Cir. 2003). To establish wire fraud, one "must prove that a defendant knowingly participated in a scheme to defraud, that interstate wire communications were used to further the scheme, and that the defendants intended that some harm result from the fraud." *U.S. v. Powers*, 168 F.3d 741, 746 (5th Cir. 1999). Mail fraud requires the plaintiffs to prove : "(1) a scheme to defraud (2) which involves a use of the mails (3) for the purpose of executing the scheme." *U.S. v. McClelland*, 868 F.2d 704, 706 (5th Cir. 1989).

An "enterprise" can be "any individual, partnership, corporation, association, or other legal entity and a union or group of individuals associated in fact although not a legal entity." 18 U.S.C. § 1961(4). An association-in-fact enterprise: "(1) must have an existence separate and apart from the pattern of racketeering, (2) must be an ongoing organization and (3) its members must function as a continuing unit as shown by a hierarchical or consensual decision making structure.'" *Crowe*, 43 F.3d at 205 (citing *Delta Truck & Tractor, Inc. v. J.I. Case Co.*, 855 F.2d 241 (5th Cir. 1988))."'Moreover, plaintiffs must plead specific facts, not mere conclusory allegations, which establish the enterprise." *Montesano v. Seafirst Commercial Group*, 818 F.2d 423, 427 (5th Cir.

1987).

**D. Conclusion**

Having considered the parties' arguments, the court concludes that given the standards discussed above, the plaintiffs have met their pleading burden placed upon them by Rule 9(b) regarding their RICO claims. Accordingly, the court concludes that the plaintiffs' RICO claims in their Amended Complaint are formally sufficient to defeat a Rule 12(b)(6) motion. The court reaches this conclusion without regard to the merits of any of the plaintiffs' claims given that, unlike a Rule 56 motion for summary judgment, a Rule 12(b)(6) motion tests the formal sufficiency of a complaint and whether the complaint rises above the level of mere speculation.

**IT IS THEREFORE ORDERED AND ADJUDGED** that:

(1) Defendant Coldwell Banker Real Estate Corporation's motion to dismiss the original Complaint [6]; Defendant First Franklin Financial Corporation's motion to dismiss the original Complaint [17]; and Bank of Commerce's motion to dismiss the original Complaint [48] are **DENIED** as moot;

(2) Defendant Coldwell Banker Real Estate Corporation's motion to dismiss the Amended Complaint [112]; and Defendant First Franklin Financial Corporation's motion to dismiss the Amended Complaint [115] are **DENIED**; and

(3) Plaintiffs' motion to file an out-of-time response to First Franklin's motion to dismiss [160] is **GRANTED**.

**SO ORDERED** this the 1st day of November, A.D., 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE